JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The Boards of Trustees of the Laborers' District Council Construction Industry Pension and Annuity Fund, et al.

**DEFENDANTS**
A1 Environmental and Safety Training, LLC

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel P. Trigiani, Esq. of Cleary, Josem & Trigiani, LLP (215)735-9099
325 Chestnut St., Suite. 200, Phila., PA  19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132 (a)(3) and 1145-ERISA
Brief description of cause:
Delinquent Contractor contributions to Union Benefit Funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/11/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| The Boards of Trustees of the Laborers' District Council Construction Industry Pension and Annuity Fund, et al. | : : : : | CIVIL ACTION |
| v. | : : | NO. |
| A1 Environmental and Safety Training, LLC | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (  )

| | | |
|---|---|---|
| 11/11/2019 | Joel P. Trigiani, Esquire | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)735-9099 | (215)640-3201 | jtrigiani@cjtlaw.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ P.O. Box 37003, Philadelphia, Pennsylvania 19123 _____

Address of Defendant: _____ 3437 9th Street, Baltimore, MD 21225 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/11/19 _____  _____ Attorney-at-Law / Pro Se Plaintiff _____  32268 _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* ERISA

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Joel P. Trigiani _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☑ Relief other than monetary damages is sought.

DATE: 11/11/19 _____  Sign here if applicable _____ Attorney-at-Law / Pro Se Plaintiff _____  32268 _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE BOARDS OF TRUSTEES OF THE :      CIVIL ACTION NO.
LABORERS' DISTRICT COUNCIL :
CONSTRUCTION INDUSTRY PENSION :
AND ANNUITY FUND, THE LABORERS :
LOCAL 57 INDUSTRIAL PENSION :
FUND, LABORERS' DISTRICT BUILDING AND :
CONSTRUCTION HEALTH AND WELFARE FUND, :
THE LABORERS' DISTRICT COUNCIL PREPAID :
LEGAL SERVICES FUND, THE LABORERS' :
DISTRICT COUNCIL EDUCATION AND :
TRAINING / APPRENTICESHIP FUND, :
THE LABORERS' DISTRICT COUNCIL :
LABORERS'-EMPLOYERS COOPERATION :
AND EDUCATION TRUST, THE LABORERS' :
PHILADELPHIA AREA LOCAL HEALTH :
AND SAFETY FUND, LABORERS' DISTRICT :
COUNCIL INDUSTRY ADVANCEMENT :
PROGRAM, LABORERS' DISTRICT :
COUNCIL OF THE METROPOLITAN AREA :
OF PHILADELPHIA AND VICINITY, THE :
GENERAL BUILDING CONTRACTORS :
ASSOCIATION, INC., and :
CONTRACTORS' ASSOCIATION OF :
PENNSYLVANIA, :

P.O. Box 37003 :
Philadelphia, PA 19123 :
                               :
         **Plaintiffs** :

     **v.** :

A1 Environmental and Safety Training, LLC :
3437 9th Street :
Baltimore, MD  21225 :

         **Defendant** :

<u>**COMPLAINT**</u>

## THE PARTIES

1.      Plaintiff, Board of Trustees of the Laborers' District Council Construction Industry Pension Fund ("Pension Fund Trustees") manages and controls the Laborers' District Council Construction Pension Fund ("Pension Fund").  Daniel L. Woodall, Jr., Ryan N. Boyer, Samuel Staten, Jr., James Harper, Jr., Charles Tabourn, Esteban Vera, Jr., James R. Davis, Charles Seravalli, Jr., David E. Panichi, and Amy Hennessey are the current members of the Pension Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.      Plaintiff Pension Fund is a trust fund established and maintained pursuant provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C.§186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.§ 1002(3).

3       Plaintiff Board of Trustees of the Laborers' District Council Building and Construction Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Laborers' District Council Health and Welfare Fund ("Health and Welfare Fund").  Daniel L. Woodall, Jr., Amy Hennessey, Ryan N. Boyer, Samuel Staten, Jr., James Harper, Jr., Vernon Woodall, Mark Freeman, Benjamin A. Connors are the current members of the Health and Welfare Fund Board of Trustees and are fiduciaries within the meaning of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Health

and Welfare Fund and its participants and beneficiaries.

4.     Plaintiff Health and Welfare Fund is a trust fund established and

maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§

186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

5.     Plaintiff Board of Trustees of the Laborers' District Council Prepaid Legal

Services Fund ("Legal Services Fund Trustees") manages and controls the Laborers'

District Council Prepaid Legal Services Fund ("Legal Services Fund").  James Davis,

Benjamin A. Connors, Daniel L. Woodall, Jr. and Samuel Staten, Jr. are the current

members of the Legal Services Fund Board of Trustees and are fiduciaries within the

meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3).  Said Board

of Trustees brings this action in its fiduciary capacity on behalf of the Legal Services

Fund and its participants and beneficiaries.

6.     Plaintiff Prepaid Legal Services Fund is a trust fund established and

maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

7.     Plaintiff Board of Trustees of the Laborers' District Council Education and

Training/Apprenticeship Fund ("Education Fund Trustees") manages and controls the

Laborers' District Council Education and Training Fund ("Education Fund").  Daniel L.

Woodall, Jr., Stanley Sanders, James N. Harper, Jr, Samuel Staten, Jr., Vernon

Woodall, James R. Davis, Amy Hennessey and Benjamin A. Connors are the current

members of the Education Fund Board of Trustees and are fiduciaries within the

meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. 1132(a)(1)(3).

Said Board of Trustees brings this action in its fiduciary capacity on behalf of the

Education Fund and its participants and beneficiaries.

8.    Plaintiff Education and Training Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

9.    Plaintiff Board of Trustees of the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET Trustees") manages and controls the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET").  Samuel Staten, Jr., Daniel L. Woodall, Jr., James N. Harper, Jr., Ryan N. Boyer, Amy Hennessey, Harry Moore, Damien Lavelle and David Hoplamazian are the current members of the LECET Board of Trustees and fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of LECET and its participants and beneficiaries.

10.    Plaintiff LECET is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

11.    Plaintiff Board of Trustees of the Laborers' Philadelphia Area Local Health and Safety Fund  ("Health and Safety Fund Trustees") manages and controls the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund"). Samuel Staten, Jr., Daniel L. Woodall, Jr., Harry Moore, and Damien Lavelle are the current members of the Health and Safety Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3).

12.     Plaintiff Laborers' Philadelphia Area Local Health and Safety Fund is a trust fund established and maintained for the purpose of providing health and safety benefits through qualified health and safety benefit programs.

13.     Each of the aforesaid Funds is a "multi-employer plan" under ERISA, 29 U.S.C. § 1002(37).  These Funds maintain their principal place of business in Philadelphia, PA., with the exception of the Laborers' District Council Education and Training Fund, which maintains its principal place of business at 501 Lancaster Avenue, Exton, PA 19341.

14.     Plaintiff, General Building Contractor's Association ( "GBCA") is an association of construction industry contractors and service providers.  The GBCA sponsors and manages the GBCA Industry Advancement Program ("IAP"), which is funded by contributions required under the collective bargaining agreement between the GBCA and the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity.

15.     Plaintiff, Concrete Contractors Association is a non-profit corporation representing employers in the commercial building industry for the purpose of collective bargaining.

16.     Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("The Union" or "Laborers District Council") as an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

17.     Defendant, A1 Environmental and Safety Training, LLC is a ("Defendant Employer") is an employer in an industry affecting commerce within the

meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). and ERISA, 29 U.S.C. § 1002(5).  Defendant Employer's last known address is 3437 9th Street, Baltimore, MD 21225.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over the causes of action the Plaintiffs have against Defendant Employer pursuant to ERISA, 29 U.S.C. § 1132(a)(3), (d)(1) and 1145, and pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a), and supplemental jurisdiction over the related contractual state law claims of the GBCA.

19.    Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e)(2); and 28 U.S.C.§ 1391.  The above-identified Funds are administered by the above Boards of Trustees in this district; and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## COMMON FACTS

20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19.

21.    The aforementioned Funds are created and administered pursuant to the terms of Trust Agreements that are properly executed pursuant to state and local law.

22.    Since at least September 20, 2018  to date, Defendant Employer has

been signatory to, or otherwise bound by, a collective bargaining agreement between

the  GBCA and Concrete Contractors' Association Building and General Construction

and the Laborers' District Council, through a collective bargaining agreement effective

May 1, 2018 through April 30, 2021 (hereinafter referred to as the "Agreement" and

marked Exhibit  "A").

23.     The Agreement, pursuant to Article XXII, Section 1 (General Building

Agreement),  automatically renews from year to year after its termination unless either

party give notice in writing to the other party ninety (90) days prior to any expiration date

of intention to terminate the agreement or to request a change in the terms or conditions

thereof.  To date, neither party has given such notice of intention to terminate or to

request a change in the terms or conditions thereof.

24.     Defendant Employer also agreed to abide by the terms of agreement

and declarations of trust, as from time to time amended ("Trust Agreements"),

pertaining to Plaintiff Fund and incorporated in the relevant Agreements.  Throughout

this Complaint, references to the Agreement include and incorporate the related Trust

Agreements.

25.     Pursuant to said Agreement, Defendant Employer has an obligation to

submit accurate remittance reports with corresponding contributions and deductions to

the Plaintiffs on the 25th day of the month following the month for which contributions

are due or in accordance with the Delinquency policy which may be amended.

26.     Pursuant to said Agreement and by virtue of its consent to become

bound by the terms and conditions of employment negotiated by and between the

Association and the Union or to be bound by the terms and conditions of employment

independently with the Union covering all work performed on the Project referred to in paragraph 23. Defendant Employer is required to remit the contributions and deductions for all hours of work performed by its employees under the Agreement in the preceding month to the Plaintiffs.

27.     Despite demands to pay the contributions and deductions due to the Funds and/or to submit the required remittance reports, and notwithstanding its obligations as set forth above, Defendant has failed to submit remittance reports and failed to pay the contributions and deductions due to the Funds during the period of September 20, 2018 to the present.

28      As a result of Defendant Employer violating its reporting and contribution and deduction obligations under the Agreement, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

29.     As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions and deductions had been remitted by Defendant Employer in a timely fashion.

30.     Defendant Employer has submitted benefit contribution reports totaling $157,435.56 from September 18, 2018 through March 19, 2019. Defendant Employer has remitted $88,497.56, leaving a balance of $68,937.47 on the principal amount, not including interest. (Attached hereto and made a part hereof are said reports and remittances and marked Exhibit "B").

31.     Defendant Employer's continued violation of the Agreement irreparably injure the Funds.

## COUNT ONE

## ERISA CLAIM

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-31.

33.     Defendant Employer has failed to make contributions and deductions to the Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

34.     Defendant Employer owes the Plaintiffs covered by the Agreement, which continue until proper termination, the amount of the unpaid contributions and deductions; accrued interest, audit fees, as well as liquidated damages, and attorney's fees and costs.

35.     Plaintiff is required under law to credit all hours of Defendant employees performing work under the Agreement.

36.     Defendant, A1 Environmental and Safety Training, LLC. is responsible for the amount  Defendant Employer owes the Plaintiff ERISA Funds.

37.     Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiffs to seek equitable enforcement of the terms of the Agreements

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

(a)     that judgment be entered against Defendant Employer in favor of

all Plaintiffs covered by the Agreements, as mandated by Section 502(g)(2) of

ERISA, 29 U.S.C. §  1132(g)(2), in the amount of total unpaid contributions,

deductions, accrued interest, audit fees, costs, fines, attorneys' fees and costs,

liquidated damages and penalties determined to be due and owing to the

Plaintiffs before, during and as a consequence of the pendency of this lawsuit;

interest on the unpaid contributions and deductions at the rate provided under

§502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); an amount equal to the greater of

(i) interest on the unpaid contributions or (ii) liquidated damages as prescribed by

the plan, the collective bargaining agreement(s), and/or by statute; reasonable

attorney's fees and costs of the action;

      (b)    order, pursuant to the collective bargaining agreement, that

Defendant Employer must accurately and timely submit all remittance reports,

contributions and deductions that are due to the Plaintiffs during the time period

the current Agreement is in effect;

      (c)    such other legal or equitable relief as the Court may deem

appropriate.

## COUNT TWO

## DEMAND FOR AUDIT

38.    Plaintiffs incorporate by reference the allegations contained in paragraphs

1-37.

39.    Defendant Employer has failed to make contributions and deductions to

the Plaintiffs as required by the Agreements in a period not barred by any applicable

statute of limitations or similar bar.

40.     In addition, Defendant Employer has failed to submit accurate remittance reports during the period of at least September 20, 2018 to the present.

41.     Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and subject to §301 of the LMRA, 29 U.S.C. § 185(a).

42.     The Plaintiffs covered by the Agreements have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreements.

43.     The Agreement authorizes the Trustees' auditors to audit the Employers bound by the Agreement.

44.     Defendant Employer continues to submit accurate remittance reports and/or contributions required under the Agreement.

45.     Unless an audit is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' ongoing delinquency.

        **WHEREFORE**, Plaintiffs request that this Court grant the following relief:

        (a)     To Order Defendant Employer, its officers, employees, representatives and/or agents to permit any audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of

said records, to cooperate fully in alternative methods for the determination of work for which contributions are due;

(b)     to grant such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE

## GBCA, AND CONTRACTOR'S ASSOCIATION THIRD PARTY BENEFICIARY CLAIM

46.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-45.

47.     The GBCA ( General Building Contractors Association) is an intended third party beneficiary to the Agreement.

48.     Defendant Employer was required under the terms and conditions of the Agreement to remit contributions to the GBCA Industry Advancement Programs (IAP).

49.     Defendant Employer's failure to make the required timely contributions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the Agreements is a breach of contract and the GBCA has been deprived the benefit flowing there from to which they are entitled.

50.     Defendant, A1 Environmental and Safety Training, LLC is responsible for the amounts Defendant Employer owes the GBCA.

**WHEREFORE**, Plaintiffs GBCA  request that this Honorable Court grant the following relief:

(a)     that judgment be entered against Defendant Employer, in favor of

the GBCA in the amount of unpaid IAP contributions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be due and owing to the GBCA before, during and as a consequence of this pending litigation, including but not limited to, accrued interest, audit fees, and attorney fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreements;

(b)    order, pursuant to the collective bargaining agreements, that Defendant Employer must accurately and timely submit all remittance reports, contributions and deductions that are due to the Plaintiffs during the time period the current Agreements are in effect;

(c)    such other legal or equitable relief as this Court may deem appropriate.

Date: _11/11/19_

By: _____
Joel P. Trigiani, Esquire
Attorney I.D. No. 32268
Cleary, Josem & Trigiani, LLP
325 Chestnut Street - Suite 200
Philadelphia, PA 19106
(215) 735-9099
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Joel P. Trigiani, Esquire, do hereby certify that on this _____11th_____ day

of November, 2019 , I caused a true and correct copy of the foregoing Complaint to

be served upon the following persons:

Stacey Cayetano
A1 Environmental and Safety Training, LLC.
3437 9th Street
Baltimore, MD  21225

Gerald Oleksiak, Secretary
Pennsylvania Secretary of Labor and Industry
1700 Labor & Industry Building
Harrisburg, PA 17120

Secretary of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Date: _11/11/19_

_____
Joel P. Trigiani, Esquire

# EXHIBIT A

# AGREEMENT

Effective: May 1, 2018

Expires: April 30, 2021

between

GENERAL BUILDING
CONTRACTORS ASSOCIATION
Concrete Contractors
Association Classification
Building and General Construction

and

LABORERS' DISTRICT COUNCIL
of the Metropolitan Area
of Philadelphia & Vicinity
665 North Broad Street
Philadelphia, PA 19123
(215) 684-2090

 210

# AGREEMENT

Effective: May 1, 2018

Expires: April 30, 2021

between

GENERAL BUILDING
CONTRACTORS ASSOCIATION
Concrete Contractors
Association Classification
Building and General Construction

and

LABORERS' DISTRICT COUNCIL
of the Metropolitan Area
of Philadelphia & Vicinity
665 North Broad Street
Philadelphia, PA 19123
(215) 684-2090

 210

# TABLE OF CONTENTS

Page No.

**ARTICLE I**

Purpose...................................................................... 2

Governing Provisions.............................................. 2

Subcontractor Clause............................................... 3

Recognition ............................................................. 3

Work Assignments .................................................. 3

**ARTICLE II**

Territorial Jurisdiction............................................. 5

**ARTICLE III**

Union Security.......................................................... 5

Nondiscrimination ................................................... 6

**ARTICLE IV**

Working Hours......................................................... 6

Tide Work ................................................................ 7

Overtime .................................................................. 7

Holidays ................................................................... 8

Steward..................................................................... 8

Access to jobs .......................................................... 8

Reporting for Work ................................................. 8

Job Injuries .............................................................. 9

Layoffs ..................................................................... 9

Shift Work .............................................................. 10

Tools, Machinery and Facilities.............................. 11

Safety Regulations ................................................. 11

**ARTICLE V**

Wages ..................................................................... 11

Foreman .................................................................. 11

**ARTICLE VI**

Pay .......................................................................... 12

Itemized Statement ................................................ 12

**ARTICLE VII**
   Yard Work Rates ...................................................... 12
   Yard Work Week ...................................................... 13

**ARTICLE VIII**
   Insurance Coverage .................................................. 13

**ARTICLE IX**
   Bond Security for Fringe Benefits Payments ............. 13

**ARTICLE X**
   Health and Welfare Fund.......................................... 14
   Industry Advancement Program ............................... 18

**ARTICLE XI**
   Pension and Annuity Fund ...................................... 19

**ARTICLE XII**
   Prepaid Legal Services Plan ...................................... 19

**ARTICLE XIII**
   Education and Training Fund .................................... 20

**ARTICLE XIV**
   Political Action Committee....................................... 20

**ARTICLE XV**
   Laborers-Employers Cooperation
   and Education Trust ................................................. 21

**ARTICLE XVI**
   Grievance Procedure ............................................... 21
   Non Payment of Fringe Contributions .................... 24
   Delinquent Employers ............................................. 24

**ARTICLE XVII**
   Field Dues Check-Off............................................... 25

**ARTICLE XVIII**
   Pre-Job Conference ................................................. 25

**ARTICLE XIX**
    Miscellaneous ........................................................ 26

**ARTICLE XX**
    Alcohol and Drugs ................................................. 26

**ARTICLE XXI**
    Apprentice Program ................................................ 33

**ARTICLE XXII**
    Termination of Agreement ....................................... 35

SCHEDULE "A" ............................................................. 38

SCHEDULE "B" ............................................................. 44

SCHEDULE "C" ............................................................. 45

SCHEDULE "D" ............................................................. 46

SCHEDULE "E ............................................................... 47

SCHEDULE "F ............................................................... 48

SCHEDULE "G" ............................................................. 49

Employer's Acceptance of Agreement ............................ 50

**AGREEMENT AND WORKING RULES**
**of**
**LABORERS' DISTRICT COUNCIL OF**
**METROPOLITAN AREA**
**OF PHILADELPHIA & VICINITY**

This Agreement made and entered into this first day of May, 2018 by and between the GENERAL BUILDING CONTRACTORS ASSOCIATION, INC. AND THE CONCRETE CONTRACTORS ASSOCIATION, hereinafter referred to as the Negotiating Agent for its members, hereinafter referred to as the Employer, and the LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA & VICINITY, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, hereinafter referred to as the Union.

The term of this agreement shall be three years commencing May 1, 2018 to April 30, 2021.

## RECITALS:

This Agreement is negotiated by the GENERAL BUILDING CONTRACTORS ASSOCIATION, INC. and the CONCRETE CONTRACTORS ASSOCIATION "(ASSOCIATIONS)" as the NEGOTIATING AGENT only for its present and future members who have assigned their bargaining rights with respect to the LABORERS' DISTRICT COUNCIL, hereinafter referred to as the "EMPLOYER". For any breach of this contract, the liability of the said members shall be several, not joint, and the liability of the GENERAL BUILDING CONTRACTORS ASSOCIATION, INC. and the CONCRETE CONTRACTORS ASSOCIATION, shall be only that of

1

NEGOTIATING AGENT, acting without liability for the acts of its individual members.

This Agreement is negotiated by the LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA & VICINITY, LABORERS; INTERNATIONAL UNION OF NORTH AMERICA, as NEGOTIATING AGENT only for its present and future members, hereinafter referred to as the UNION. For any breach of this contract, the liability shall be solely that of the Local Union whose agents commit the breach; and the liability of the LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA & VICINITY, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, shall be only that of NEGOTIATING AGENT acting without liability for the acts of its Local Unions and the agents of said Local Union who may commit the particular breach.

## ARTICLE I

### Section 1 - Purpose

It is the intent and purpose of the parties hereto to promote harmonious economic and industrial relationships between the Employer and the Union; and to set forth therein the basic agreement concerning rates of pay, hours of work and conditions of employment between the parties to this agreement; and the Employer and the Union jointly agree to perform dutifully the obligations imposed by this agreement.

### Section 2 - Governing Provisions

Any provisions contained in the within agreement that are contrary to or held to be in violation of the law on the

part of either party hereto to any Federal, State or Municipal law now in force and effect or that may be hereafter enacted and effective, shall have no force and effect for the duration of such voidance, it being intended, however, that the remaining provisions hereof shall be unaffected.

### Section 3 - Subcontractor Clause

It shall be the obligation of the Association and/or independent Employer, signatory to this agreement, that no work to be performed under this agreement by the contractor or Employer shall be subcontracted to any other contractor or Employer unless such assignee is signatory to a written agreement with the Laborers' District Council.

### Section 4 - Recognition

The Employer agrees to recognize the LABORERS' DISTRICT Council as the sole and exclusive bargaining agent for laborers. The Union and the Employer agree that there shall be no strikes, lockouts or interruption of the disputed work over jurisdictional disputes.

### Section 5 - Work Assignments

(a) Employers shall make all work assignments as follows:

  (i) In accordance with the terms of an existing labor Agreement providing for such work;

  (ii) In accordance with the terms of any International and/or Local Agreements and/or Memorandum of Understanding between the signatory Union and any other Union; and

3

(iii) In accordance with area practices of local building trades.

(iv) Any employee that is assigned work covered by this Agreement shall be paid the wage rate specified in Schedule A or rate sheets submitted by the LDC.

(b) If the Employer has complied with the provisions of paragraph (a) of this Section 5 and receives notification that two or more Unions are contesting the work assignment, the Employer shall maintain his work assignment until the dispute has been resolved in accordance with the following procedure:

(i) Contesting Unions and the contractor shall attempt to resolve the work assignment dispute(s). If they are unable to do so within a reasonable time, then

(ii) The parties to this Agreement shall meet for the purpose of resolving the dispute(s). If said parties are unable to resolve the dispute(s), then

(iii) The parties to this Agreement will refer said disputes) to their International Unions. If said International Unions are unable to resolve the dispute(s), then

(iv) The Union involved will submit the disputes) to their respective General Presidents to be resolved.

4

The parties agree that there will be no cessation or stoppage of work because of jurisdictional disputes. Failure to follow the above procedure shall be a breach of contract.

## ARTICLE II

### Section 1 - Territorial

### Jurisdiction

This agreement shall be binding in the Counties of Philadelphia, Montgomery, Bucks, Chester and Delaware, in the Commonwealth of Pennsylvania. When contractors are doing work in the area aforementioned, there shall be a mandatory pre-job conference with appropriate compliance language for breach and they shall notify Local Union of the approximate date of starting work and job location.

Employ, when doing work in any of the Counties covered as aforesaid and serviced by any Local Union of the LABORERS' DISTRICT Council, reserves the right to use his or its key employees, provided, nevertheless, that each such Employer shall endeavor to employ on each job a fair representation of employees from the geographical area in which the work is located, subject to the provisions of Article III hereof, and who qualify for such employment.

## ARTICLE III

### Section 1 - Union Security

The LABORERS' DISTRICT Council, on behalf of its member Unions, agrees, at the request of the Employer, to furnish competent Laborers to the Employer. It is agreed that after the employee, who, by the nature of his work, comes within the provisions of this agreement, and who shall have

worked for the Employer for at least seven (7) days, such
employee shall be required to then become and remain a

6

member of the Union in good standing and the Union shall make membership therein continuously available to such employee on the same terms and conditions as are generally applicable to the other members of the Union.

An employee who fails or refuses to become a member of the Union not later than the eighth day after the date of his hiring by and Employer, or who during the term of this agreement loses his good standing in the Union because of failure to pay the Union the periodic dues and the initiation fee uniformly required as a condition of acquiring or retaining membership in the Union shall, upon written notice to that effect from the Union to the Employer, be discharged by such employer.

### Section 2 -  Nondiscrimination

No employee, or applicant for employment shall be discriminated against by reason of race, religion, color, sex or national origin and the parties hereto agree to comply with any and all State and Federal laws, and rules and regulations promulgated pursuant thereto, guaranteeing civil rights and liberties to all persons.

## ARTICLE IV

### Section 1-  Working Hours

(a) Eight (8) hours shall constitute a day's work, time to be made between 6:00 A.M. and 5:30 P.M., Monday through Friday. Lunch period shall be from 12:00 Noon to 12:30 PM. If employees are required, because of an emergency, to work through their lunch periods, such employees shall receive time and one-half for their lunch period involved. No employees shall be permitted to work for more

than five (5) hours without an allowance of at least fifteen (15) minutes for lunch period, which period shall be treated and paid for as time worked.

(b) (At the option of the employer and with authorization of the business manager of the local union where the work is being performed, a work week consisting of four 10-hour days at the straight time rate of pay may be utilized. The 5th day may be utilized as a makeup day at the straight time rate of pay for hours lost during the regular work week provided, however, that all hours worked in excess of ten on any given day or 40 in any given work week shall be paid at the overtime rate. All laborers working on the make-up day will be paid the same rate of pay)

### Section 2 - Tide Work

All work affected by the tides, Monday through Friday, any eight (8) hours between 6:00 A.M. and 6:00 P.M. may be worked at straight time work.

### Section 3 - Overtime

All time made on Sundays and holidays shall be paid at the rate of double time. All other overtime shall be paid at the rate of time and one half. Saturdays may be utilized as a make up day at the straight time rate of pay for hours lost during the regular work week due to inclement weather conditions, providing reasonable notice is given to the Business Manager. All other requests for Saturdays at straight time must be authorized by both the Employer and the Business Manager of the Local Union having territorial jurisdiction.

8

**Section 4 -  Holidays**

Holidays to be observed and for which employees shall be paid if they work said holidays are as follows: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas.

**Section 5 -  Steward**

A Steward has absolutely no authority to call or cause any work stoppage, but he shall have the authority to detect any violations of the terms and provisions of this agreement and to report any such violations, if found, to his Business Manager. He shall be allowed sufficient time to perform his duties. Before discharge or layoff of the Steward, the Employer shall notify the Business Manager of the Local Union.

When two (2) or more laborers are employed, the Steward shall be given the opportunity to work.

**Section 6 -  Access to jobs**

The Union's Business Manager, or his designee, shall have access to all jobs to which the Employer exercises control of entry.

**Section 7 -  Reporting for Work**

A laborer who is not put to work, after initially reporting to the job upon the expressed order of an Employer shall be guaranteed four (4) hours' pay. If a laborer who, upon expressed order of an Employer, reported to the job and would be entitled to the guaranteed four (4) hours' pay, shall, if put to work and continues to work after 12:00 Noon, be guaranteed eight (8) hours' pay for such initial work day on the job, calculated at the hourly wage rate.

9

When a laborer is sent to a job-site from the office of the Local Union in response to a request from an Employer, the Business Manager shall furnish a slip for each laborer sent to the job. When such laborer is put to work, he shall be guaranteed four (4) hours' pay.

When any laborer reports for employment to a job-site as instructed and then is transferred or instructed to report to another place for work, he shall be provided with transportation by the Employer and be paid for the time traveling from one job site to another.

**Section 8 ⁃ Job Injuries**

When an employee covered by this agreement is injured on the job during his regular working hours, and reports the injury promptly to his Employer, he shall be paid for the time lost from the work day while receiving treatments in a physician's office, clinic, or hospital, if required. If on the order of a physician the employee is kept in the hospital or sent home, he shall be paid for the balance of the work day at his hourly rate of pay, provided that he presents a certificate from the physician stating that he was treated as claimed.

**Section 9 ⁃ Layoffs**

When a laborer is laid off, because of lack of work or job completion, or dismissed, he shall be paid in cash or check at the job. If a laborer is absent on the day he is to be laid off, and reports to work the following work day, he will be paid before 8:30 A.M. If the laborer does not appear before 8:30 A.M. on that following work day to receive his pay, the Employer shall mail the payment to the appropriate Union Hall and it must arrive at the Hall within three (3) working days. In the event of failure of the Employer to comply with

10

this section, the laborers shall receive four (4) hours' waiting time.

If a laborer is not paid before leaving the job, he shall receive all monies due (regular pay plus four (4) hours' waiting time) within three (3) working days after layoff or dismissal. At the request of the laborer the Employer shall mail all monies due no later than midnight of the third working day. In the event of failure of the Employer to comply within three (3) working days after layoff or dismissal, the laborer shall receive four (4) hours' waiting time per day until the laborer is paid. Laborers shall be paid thirty minutes before quitting time.

### Section 10 – Shift Work

When more than one (1) shift is employed, the second shift shall work seven and one-half (71/2) hours and shall be paid for eight (8) hours at the regular basic hourly wage rate; the third shift shall work seven (7) hours and shall be paid for eight (8) hours at the basic hourly rate. Shift time to be made between the hours of 4:30 P.M. and 8:00 A.M., whether or not there has been a previous shift working. Where such shifts work more than the specified hours for the shift on which they are working, they shall be paid overtime at the rate of time and one-half. Shift time worked from Friday Midnight until 8:00 A.M. Saturday, shall be paid at the regular basic hourly rate. All work performed between the hours of 8:00 A.M. Saturday and 8:00 A.M. Monday shall be paid for at the rate of time and one-half. Except that all work performed on Sunday shall be paid at a rate of double time. None of the provisions of the within paragraph shall apply to the hour worked between 7:00 A.M. and 8:00 A.M., where such hour is part of the day shift.

11

**Section 11 - Tools, Machinery and Facilities**

The Employer shall furnish all necessary tools and equipment and, where practical, a suitable place shall be provided for laborers to change clothes.

Four weather gear and rubber boots shall be provided for employees, when required. The Employer shall furnish washing facilities for caisson jobs when practicable.

**Section 12 - Safety Regulations**

Laborers and Employers shall comply with all Federal, State and Municipal laws, rules and regulations pertaining to safety.

## ARTICLE V

**Section 1 - Wages**

All classifications, wage rate, and fringe benefits shall be set forth in Schedule "A" attached hereto and by this reference made part hereof. All employees hired as laborers under this Agreement are to be paid at the rates and wages set forth in Schedule "A" from the employee's first day of employment, irrespective of whether the employee retains union status.

**Section 2 - Foreman**

When seven (7) or more laborers are employed on a job by an Employer, one (1) shall be selected by the Employer to act as Foreman. The wage rate for the Laborer Foreman shall be not less than one dollar ($1.00) per hour more than the basic hourly rate of laborers.

12

## ARTICLE VI

### Section 1 -  Pay

All laborers covered by this agreement shall be paid weekly on the job in cash or check, when practical, in a protected place. The Employer shall have the option of withholding three (3) days' pay. Should the Employer fail to comply with this section, the employee shall receive four (4) hours' waiting time. He shall receive all monies due (regular pay and four (4) hours' waiting time) within three (3) working days after the regular payday. At the request of the employee, the Employer shall mail all monies due no later than midnight of the third working day after the regular payday. In the event of failure of the Employer to comply with such request within three (3) working days after payday, the employee shall receive four (4) hours' waiting time per day until the employee is paid. If an Employer's check is returned because of insufficient funds the Union shall have the option to require the Employer to pay in case.

Laborers shall be paid before quitting time on payday.

### Section 2 -   Itemized Statement

An itemized statement shall be included in pay envelope or upon check stub. Said statement shall show gross income, deductible items and the net amount. This statement or check stub is to be retained by the employee.

## ARTICLE VII

### Section 1 -  Yard Work Rates

The classification and hourly wage rate for those laborers who are employed in the yards of the Employer,

13

shall be as set forth in Schedule "A" attached hereto and by this reference made part hereof.

### Section 2 - Yard Work Week

Forty (40) hours shall constitute the work week, time to be made Monday through Saturday. Overtime for time made in excess of forty (40) hours a week shall be paid at the rate of time and one-half. Sunday and holiday work shall be paid at the rate of double time.

## ARTICLE VIII

### Section 1- Insurance

### Coverage

Employers shall maintain at their sole cost and expense insurance coverage against loss by fire and/or theft for the personal effects and clothing of laborers covered by this agreement with limits of $100.00 per laborer while such laborers are off the job site upon which they are employed. It is not intended that this coverage shall apply to the personal effects and clothing of laborers who have failed to remove same upon their discharge or voluntary termination of employment, or who have failed to place same within the shanty provided for that purpose.

## ARTICLE IX

### Section 1- Bond Security for Fringe Benefits Payments

Each Employer shall furnish a bond in the amount of a recognized corporate surety to guarantee or secure the faithful making of payments of fringe benefits as provided in Schedule "B" to the depository of such funds which bond shall be for an amount no less than required by the

14

following chart:

| Employer's total hours reported in prior calendar year | Amount of bond |
|---|---|
| 1 to 10,000 | $50,000 |
| 10,001 to 20,000 | $75,000 |
| 20,001 to 40,000 | $125,000 |
| 40,001 or more | $175,000 |

For newly signed Employers, the Union (in consultation with the Boards of Trustees) shall set the required bond amount according to a good faith estimate of hours likely to be reported by the Employer over a period of twelve (12) consecutive months starting from the date the Employer first had an obligation to contribute hereunder.

The respective Boards of Trustees shall be, and hereby are, empowered to permit alternative means of security for the respective fringe benefit funds in the event a signatory Employer cannot obtain a bond from a reputable carrier.

15

In the event an Employer is unable to furnish a bond in the amount stated above, Employer may be required to contribute to the Funds on a weekly basis at the same time that the Employer's payroll is due.

Where an Employer has a history of paying into the fringe benefit funds on a timely basis, the requirement for a bond shall be inapplicable so long as timely payments are made to the fringe benefit funds.

## ARTICLE X

### Section 1 - Health and Welfare

### Fund

The parties hereto agree to continue and to maintain the Health and Welfare Fund and the Industry Advancement Program established under the collective bargaining agreement between the parties hereto under date of the first day of May 1960, in accordance with the provisions of such Health and Welfare and Industry Advancement Program as set forth in Schedule "B" attached hereto and made part hereof.

Effective May 1, 2015 through April 30, 2018 the employers shall contribute eleven dollars and twenty cents ($11.20) per hour for each hour worked (whether regular time or overtime).

The following procedures will be applicable in the event of delinquent payments required in Articles 10, 11, 12, 13, 14, 15 and 17:

(1) Payments are due by the 25th day following the end of the payroll month which the report covers.

16

(2) Payments not received by the 25th day following the end of the payroll month which the report covers shall be considered delinquent.

(3) Payments made after the Delinquent Date shall accrue interest at 12% per annum.

(A) In the case of a payment due before the 25th of the month, interest on the delinquent contributions shall start accruing on the 25th day of the month, at 12% per annum.

(B) In the case of a payment due after the 25th day of the month, interest on the delinquent contributions shall start accruing interest on the twenty-fifth day of the month, at 12% per annum.

AND, the employer will be also subject to the following actions:

(A) The District Council will have the right to withhold employees covered by this Agreement until all sums due are paid... and the employees will be paid their wages for the time lost.

(B) The Trustees shall notify the bonding company twenty (20) days after the Due Date of the Delinquency and institute suit on the Bond.

(C) The Employer will be subject to legal action if the contributions are not received by the

17

tenth day of the second month following the month for which the contributions are due, in which case the Employer shall be liable to pay principle sums and accrued interest and liquidated damages, coast of suit and audit (if applicable) and attorney's fees.

(1) On the 26th day of each month thereafter that the contribution is not paid the employer shall pay liquidated damages in the amount of 10% of the amount of the contribution due.

If the Trustees of the respective Funds, in their discretion, determine that any employer has a satisfactory record of timely payments, the Trustees may notify such employer in writing that its payments may be made monthly. Employers granted permission to pay monthly shall be bound by the following regardless of the frequency of payments:

(1) Payments are due by the 25th day of the month following the month in which the work was performed.

(2) Payments not received by the 25th day of the month following the month in which the work was performed shall be considered delinquent.

(3) Payments made after the delinquent date shall accrue interest at 12% per annum from the 25th day of the month AND, the employer will be also subject to the following actions:

(A) The District Council will have the right to

withhold employees covered by this agreement

16

until all sums due are paid... and the employees will be paid their wages for the time lost,

(B) The Trustees shall notify the bonding company twenty (20) days after the Due Date of the Delinquency and institute suit on the Bond.

(C) The Employer will be subject to legal action if the contributions are not received by the tenth day of the second month following the month for which the contributions are due, in which case the Employer shall be liable to pay principal sums and accrued interest and liquidated damages, cost of suit and audit (if applicable) and attorney's fees.

(1) On the 25th day of each month thereafter that the contribution is not paid the employer shall pay liquidated damages in the amount of 10% of the contribution amount due.

Each employer, shall, within twenty-five (25) days after the end of each payroll month following the month in which the work was performed, remit all payroll reports and tender contributions for all benefit funds named in this Agreement, by electronic filing to the designated depository consistent with the procedures established by the trustees of the Laborers' District Council Benefit Funds, the report shall contain (1) the names and Social Security numbers of the Persons to whom this Agreement is applicable, who have been in the employ of the Employer during such payroll week or month for which wages or any type compensation are payable under this Agreement; (2) such other information as the Board of Administration of the "various DISTRICT Council Benefit Funds" hereinafter provided

17

DISTRICT Council Benefit Funds" hereinafter provided
17

for, may reasonably require for the proper administration of said Funds.

Each Employer shall also, upon request of any agent or designee of the Board of Administration, permit such agent during regular business hours to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees monies withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in determining whether the Employer's obligations thereunder to make payments to the Depository have been faithfully performed.

If such inspection and/or audit results in a delinquency in excess of ten percent (10%) of the total amount of the contributing employer's Plan contribution, as indicated from the reports submitted by the Employer and the amounts said Employer paid to the Fund for the period in which the delinquency arose, the delinquent employer shall also be obligated to pay the coast of the audits.

### Section 2 - Industry Advancement Program

The Employer agrees, commencing May 1, 2018, to pay into such fiscal agent selected by the Philadelphia General Building Contractors Association, Inc. a contribution of thirty cents ($.30) per hour for each hour worked by each laborer (including foreman). Contributions shall be subject to increase or decrease as determined by the Philadelphia General Building Contractors Association, Inc.; provided, however, that Employers shall notify the Union at least thirty (30) days in advance in writing of any such changes. The contributions comprising this Fund shall be administered by the Philadelphia General Building Contractors Association,

18

Inc. and shall be used in payment of the operating costs of such Association including, but not limited to, the expenses incurred in connection with the promotion of stability of relations between labor and management, the Association's costs of collective bargaining, costs of representation in the adjustment of grievances and in arbitration, fees of arbitration, secretarial costs, counsel fees, conducting safety campaigns, research programs and such other matters as will be beneficial to the industry at large. No Employer or employee shall have any interest, proprietary or otherwise, in said contributions and/or the assets of said Fund.

## ARTICLE XI

### Section 1 - Pension and Annuity

### Fund

The parties herein have agreed to a Pension Fund for the benefit of all employees covered by this agreement, contribution to which were effective as of May 1, 1962. The said Pension Fund is to continue under the terms, covenants and conditions as more specifically set forth in Pension Trust Agreement marked Schedule "C" attached hereto and made part thereof.

Effective May 1, 2018 and for the period May 1, 2018, through April 30, 2021, the Employers shall contribute eleven dollars and ninety-eight cents ($11.98) per hour for each hour worked (whether regular time or overtime).

## ARTICLE XII

### Section 1 - Prepaid Legal Services

### Plan

19

The prepaid herein have agreed to a Prepaid Legal Services Plan for the benefit of all employees covered by
this agreement, contributions to which are effective as of

20

November 1, 1983. The said Prepaid Legal Services Plan is to continue under the terms, covenants and conditions as more specifically set forth in Prepaid Legal Services Plan Trust Agreement marked Schedule "E" attached hereto and made part thereof.

Effective May 1, 2018 and for the period May 1, 2018 through April 30, 2021 the Employers shall contribute forty-one cents ($.41) per hour for each hour worked (whether regular time or overtime).

## ARTICLE XIII

### Section 1 -  Education and Training Fund

The parties herein have agreed to an Education and Training Fund for the benefit of all employees covered by this agreement, contributions to which were effective as of May 1, 1980. The said Education and Training Fund is to continue under the terms, covenants and conditions as more specifically set forth in Education and Training Trust Agreement marked Schedule "F" attached hereto and made part thereof.

Effective May 1, 2018 and for the period May 1, 2018 through April 30, 2021 the Employers shall contribute two dollars thirteen    cents ($2.13) per hour for each hour worked (whether regular time or overtime).

## ARTICLE XIV

### Section 1 -  Political Action

### Committee

Effective May 1, 2018 each employer shall deduct from the   wages   of   all   employees   who   are   covered   by   this

21

Agreement
and who have signed and delivered to the Employer proper
legal authorizations for such deductions, a contribution

22

to the LABORERS' DISTRICT Council Political Action Committee in the amount of forty-five cents ($0.45) for each hour worked.

**Section 2**

Each such Employer shall, within ten (10) days after the end of each Payroll Week, transmit to the Depository as defined in this Agreement amount deducted during such Payroll Week pursuant to this Article, together with the Employer's report of deductions, which report shall be on the same form as is used by the Employer for reporting payments due by the Employer as contributions made to the Health and Welfare and Pension Fund.

## ARTICLE XV

### Section 1 - Laborers - Employers Cooperation and
Education Trust

Effective May 1, 2018, the Employers shall pay twenty-eight cents ($.28) per hour for each hour worked (whether regular time or overtime) to the Laborers Employers Cooperation and Education Trust. The said Laborers-Employers Cooperation and Education Trust is to continue under the terms, covenants and conditions as more specifically set forth in the Laborers-Employers Cooperation and Education Trust Agreement marked Schedule "G" attached hereto and made a part hereof.

## ARTICLE XVI

### Section 1 - Grievance

Procedure

The following shall be the procedure to be followed

with respect to all disputes of any nature whatsoever which

24

may arise between the parties hereto or their individual members:

(i) If the dispute affects or arises on a particular job or operation, an attempt shall be made to settle it by discussion between the Foreman and/or Superintendent on the job or operation, on the one hand, and the Local Union's Business Manager for the area in which the job or operation is located, on the other hand.

(ii) If the discussion provided for in paragraph (i) above is not held, or if it does not result in settlement of the dispute within one business day, an attempt shall be made to settle the dispute by discussion between the Employer and/or the Superintendent on the job or operation, on the one hand and the Council's Business Manager, or his designee, on the other hand.

(iii) If the discussion provided for in paragraph (ii) above does not result in settlement of the dispute within one business day, or if the dispute affects or involves more than one job or operation, an attempt shall be made to settle the dispute by discussion between the Business Manager of the Council, on the one hand, and the Executive Director of the Association, or his designee, on the other hand. If such discussion does not result in settlement of the dispute within one business day, and either Council or the Association desires further action respecting such dispute, such further action shall be arbitration in the manner hereinafter set forth.

25

(iv) The Council or the Association, which ever decides that there shall be further action on the dispute, shall notify the other in writing by registered mail of its intention to submit the dispute to arbitration, and shall, simultaneously, file with the arbitration and shall, simultaneously, file with the American Arbitration Association a written demand for arbitration of said dispute, whereupon an arbitrator shall be appointed in accordance with the then prevailing rules of the Labor Arbitration Tribunal of said American Arbitration Association, except that if the parties hereto fail to agree upon any of the persons named in the first list submitted by said Association to the parties or if those named in said list decline or are unable to act, and if for any other reason the appointment cannot be made from such first submitted list, said American Arbitration Association shall send a second list of names of persons chosen from the Association's Panels, and thereafter proceed in accordance with its rules aforesaid. The arbitrator thus appointed shall hold hearings as promptly as may be and shall render his award in writing and such award shall be final and binding upon the Council and the Association and upon their respective principals or members. The arbitrator's fees and expenses and the fees of the American Arbitration Association shall be shared equally by the Council and the Association. No dispute, disagreement or question, shall result in any strike, slowdown, stoppage, abandonment of the work, or lockout, pending the completion of all procedures, including arbitration, provided for in this Article XII.

26

### Section 2 – Non-Payment of Fringe Contributions

Anything to the contrary hereinbefore contained notwithstanding, the Union may elect not to follow the procedure for settlement of disputes set forth in Section 1 of this Article XII in respect of claims or disputes arising out of alleged failure of an employer or other employee to comply with any of the provisions of Article X, Article XI, XII or XIII.

### Section 3 – Delinquent Employers

In the event that the Union elects not to follow the procedure set forth in Section 1 of this Article XII for the settlement of claims or disputes arising out of an alleged failure by an Employer or other employer to comply with any of the provisions of Article X, Article XI, XII or XIII, and instead removes employees covered by this agreement from such delinquent Employer or other delinquent employer then the delinquent Employer or other delinquent employer shall be obligated to pay the wages and fringe benefit contributions of such employee or employees so removed until such time as the delinquent reports and/or payments, if due, have been made.

### Section 4

The LABORERS' DISTRICT Council and the Labor Policy Committee of the General Building Contractors Association will meet to resolve any trade issues in the industry.

27

## ARTICLE XVII Field
## Dues Check- Off

### Section 1.

Each Employer shall deduct from the wages of all employees who are covered by this Agreement and who have signed and delivered to the Employer proper legal authorizations for such deductions, a field dues check-off in the sum of two dollars and thirty-five cents ($2.35) for each hour worked (whether regular time or overtime) for which wages or compensation (including compensation for reporting time as required by Article IV, Section 7 hereof) are paid by the Employer to said employees.

### Section 2.

The employer shall require all employees to sign legal authorization for such deductions at the time of hiring.

### Section 3.

Any employee who loses his good standing in his Local Union by reason of his failure to tender to the Local Union periodic membership dues and/or initiation fees uniform required, or who is in arrears in the payment of field dues to the District Council, shall upon written notice to that effect from the District Council to the Employer be discharged.

## ARTICLE XVIII

### Section 1- Pre- Job

### Conference

Upon written notice by either party to the other requesting a pre-job conference on projects exceeding 5 million dollars in value, such conferences shall be mandatory

28

and arranged for between the parties within a reasonable
time prior to the commencement of the job.

29

## ARTICLE XIX

### Section 1 -  Miscellaneous

Any other Employer Association, or an Employer employing laborers within the territorial jurisdiction covered by this collective bargaining agreement may become a party hereto and be bound by the provisions hereof, without becoming a member of the General Building Contractors Association, Inc. by the execution of a counterpart of this Agreement.

## ARTICLE XX

### Section 1 -  Alcohol and Drugs

As a joint commitment to protect people and property and to provide a safe working environment, the Union and the Association cooperatively agree that the Employer shall have the right to implement a Drug and Alcohol Testing Program as hereinafter provided.

**1.  Policy Statement** - The parties recognized the problems created by drug and alcohol abuse and the need to develop a prevention program. The Company and the signatory Union have a commitment to protect people and property, and to provide a safe working environment. The purpose of the following program is to establish and maintain a drug free, alcohol free, safe, healthy work environment for all its employees and to provide assistance to Employees who have or may have a drug/alcohol problem or dependency.

**2. Definitions**

A.  Company Premises - The term "Company Premises" as used in this policy includes all property, facilities,

30

land, buildings, structures, automobiles, trucks and other vehicles owned, leased or use by the Company. Construction jobsites for which the Company has responsibility are included.

B.  Prohibited Items and Substances - Prohibited substances include illegal drugs (including controlled substances, look alike drugs and designer drugs), alcoholic beverages, and drug paraphernalia in the possession of or being used by an employee on the job. Regardless of anything herein to the contrary, prescription drugs and devices as currently prescribed by a licensed physician, dentist or podiatrist shall be exempt.

C.  Employees - Individuals, who perform work for the Company including but not limited to management, supervision, engineering, craft workers, and clerical personnel.

D.  Accident - Any event resulting in injury to a person or property to which an employee, or contractor /contractor's employee contributed as a direct or indirect cause.

E.  Incident - An event which has all the attributes of an accident, except that no harm was caused to person or property.

F.  Reasonable Cause - Reasonable cause shall be defined as excessive tardiness, excessive absenteeism or on the job behavior such as noticeable imbalance, incoherence, or disorientation which reasonably leads management to believe that the employee may be under the influence of drugs or alcohol.

## 1. Confidentiality

A.   All actions taken under this policy and program will be confidential and disclosed only to the necessary personnel who may be notified as to the employee's medical disqualification, or with the express consent of the employee.

B.   When a test is required, the specimen will be identified by a code number, not by name, to insure confidentiality of the donor. Each specimen container will be properly labeled and made tamper proof. The donor must witness this procedure.

C.   Unless an initial positive result is confirmed as positive, it shall be deemed negative and reported by the laboratory as such.

D.   Copies of all documents - including but not limited to test results, computer printouts, graphs, interpretations, and chain of custody forms - shall be delivered to the donor.

## 2. Rules - Disciplinary Actions - Grievance Procedures

A.   Rules - all employees must report to work in a physical condition that will enable them to perform their jobs in a safe and efficient manner. Employees shall not:

(1) Use, possess, dispense or receive prohibited substances on or at the jobsite; or

(2) Report to work impaired or with an impermissible amount of prohibited substances in their systems.

32

B.  Discipline - When the Company has reasonable cause to believe an employee is under the influence of a prohibited substance, for reasons of safety, the employee may be suspended until test results are available. If no test results are received after three (3) working days, the employee, if available, shall be returned to work with back pay If the test results prove negative, the employee shall be immediately reinstated with back pay. If the employee is not suspended but is required to miss time from work for the administration of the test, and the test results are negative, the employer will pay the employee for four (4) hours of work. In other cases:

(1) Applicants testing positive for drug and alcohol use will not be hired.

(2) Employees who refuse to cooperate with testing procedures will be immediately suspended and reviewed for termination.

Employees found in possession of Prohibited Items and Substances on or about the Company premises will be terminated.

(4) Employees found selling or distributing Prohibited Items and Substances on or about the Company premises will be terminated.

(5) Employees found under the influence of alcohol while on duty, or while operating a Company vehicle, will be subject to termination.

Prescription Drug - Employees using a prescribed medication which may impair the performance of job

33

duties, either mental or motor functions, must immediately inform their supervisor of such prescription drug use. For the safety of all employees, the Company will consult the employee and his physician to determine if a reassignment of duties is necessary' Should it be determined by the employee's physician and the Company that the ingestion of the prescribed medication will affect the employee and other employees, to the degree there exists a safety hazard to the employee or other employees, the Company, the Union and the employee will confer to attempt to accommodate the work assignment. The Company will attempt to accommodate the employee's needs by making an appropriate reassignment. However, if with a reasonable degree of medical certainty, the employee is not fit to perform the work assignment, and a reassignment is not possible at that time, the employee will be placed on temporary medical leave until released as fit for duty by the prescribing physician.

    D.  Grievance - All aspects of this policy and program shall be subject to the grievance procedure of the collective bargaining agreement.

### 5. Drug/Alcohol Testing

The parties to this policy and program agree that under certain circumstances, the Company will find it necessary to conduct drug and alcohol testing.  It may be necessary to require testing under the following conditions.

    A.  A pre-employment drug and alcohol test may be administered to all applicants for employment. After employment has commenced, an employee may be tested consistent with the policy herein.

34

B.  A test may be administered in the event a supervisor has a reasonable cause to believe that the employee has reported to work under the influence of a Prohibited Item or Substance or is or has been under such influence while on the job, or has violated the drug policy. During the process of establishing reasonable cause for testing, the employee has the right to request his or her on-site representative to be present.

C.  Testing may be required if an employee is involved in a workplace accident and if there is reasonable cause to believe that drugs or alcohol may have contributed to the happening of the accident.

D.  Testing may be required as a part of a follow-up to counseling or rehabilitation for substance abuse, of up to a year period.

E.  Employees may also be tested on a voluntary basis. The company will bear the costs of all testing procedures.

F.  Each employee, if required to be tested, will be required to sign a consent and chain of custody form, assuring proper documentation and accuracy. If an employee refuses to sign a consent form authorizing the test, ongoing employment by the Company will be terminated.

G.  Drug testing will be conducted by an independent accredited laboratory (National Institute on Drug Abuse and/or College of American Pathology), and may consist of either blood or urine tests, or both,

31

as required. Blood tests will be utilized for post-accident investigation only.

**6.** The Union is not responsible for ascertaining or monitoring the alcohol or drug-free status of any employee.

### 7. Appeal of Drug Testing Results

An employee is entitled to have his or her specimen retested in the event of a positive finding. After initial and confirmation testing, the facility must retain a sufficient portion of the sample for independent retesting within thirty (30) days. The employee shall contact his or her Union representative in order to request and effect the retesting of the sample.

### 8. Rehabilitation

Employees are encouraged to seek help for a drug or alcohol problem before it deteriorates into a disciplinary matter. If an employee voluntarily notified a supervisor that he or she may have a substance abuse problem, the Company will assist in advising the employee regarding medical benefits which may be available under the Company or Union health and welfare/ insurance program.

If treatment necessitates time away from work, the Company shall provide for the employee an unpaid leave of absence for purposes of participation in an agreed upon treatment program. An employee who successfully

completes a rehabilitation program shall be reinstated in his

32

or her former employment status, if work for which he or she is qualified exists.

Employees returning to work after successfully completing the rehabilitation program will be subject to drug tests without prior notice for a period of one year. A positive test will then result in disciplinary action as previously outlined in this policy and program.

### 9. Union/Employer Policy

In the event of a suspected or actual violation of any of the foregoing Sections of this policy, the Employee will not be tested, discharged or disciplined unless the Employer first consults with the Union before taking any such action.

### 10. Random Testing

An Employer may conduct random drug testing as part of the drug policy and program set forth in this Agreement provided the Employer applies the random drug testing to all employees, regardless of union affiliation or job classification, and provided such random testing commences no sooner than 90 calendar days following the date on which the Employer notifies the Union in writing of its intent to apply random drug testing to its employees. The parties agree that this policy shall be voided if any other union under a General Building Contractors Association contract has a more favorable policy.

## ARTICLE XXI

### Section 1 - Apprentice

### Program

The Union and the Contractors agree to continue to maintain a Construction Craft Laborer Apprenticeship

33

Program. The Joint Apprenticeship and Training Committee established by both parties in accordance with Pennsylvania approved LDC Apprenticeship Standards previously adopted by the committee shall have the authority to set, administer and enforce all rules, regulations, ratio and rates for apprentices and the apprenticeship program. Entry into the Apprenticeship Program shall be controlled by the JATC, which shall employ appropriate testing and screening procedures.

The Employer shall participate in the apprenticeship program by accepting apprentices for employment upon referral by the Union. The Employer is required to accept an apprentice, provided there is work for such apprentice, once

34

four journey workers are employed. The ratio of apprentice to journey workers is four journey workers to one apprentice (4:1). An apprentice shall not work on a jobsite unless supervised by a journey worker.

An apprentice should, whenever possible, be rotated by the Employer through different types of work so as to become trained in a variety of task and work skills. Where the Employer is unable to provide an apprentice with experience in the full range of the craft skills, the JATC may request the Local to reassign the apprentice to other employment in order to provide the experience. For so long the Employer is able to provide the necessary range of employment experience, the Employer may choose to retain the apprentice from job to job throughout the five-county area. It shall be the objective of both the Employer and the Union to make reasonable efforts to keep apprentice working so that they can complete the program and become journey workers in a reasonable amount of time.

## Apprentice Wage Rate Schedule

The Apprentice Program consists of 4000 of on-the-job training and 288 hours of related classroom training. The rate for each period of the apprenticeship is expressed as a percentage of the skilled Construction Craft Laborer journey worker rate specified in the collective bargaining agreement.

The schedule that follows provide for eight equal periods of approximately 500 hours of work and training each:

1st period at 50% of the journey workers rate.
2nd period at 55% of the journey works rate.
3rd period at 60% of the journey workers rate.

35

4th period at 65% of the journey workers rate.

36

5th period at 70% of the journey workers rate.
6th period at 75% of the journey workers rate.
7th period at 80% of the journey workers rate.
8th period at 80% of the journey workers rate.

The employer may pay a higher rate at is option. However, the Apprentice must meet his or her commitment to the JATC regardless of the level being paid. An apprentice shall not be penalized for taking off from work to attend offsite training required by the JATC.

### Apprentice Fringe Benefit Schedule

The Employer shall contribute to the apprentice Health and Welfare and TAP. Deductions include Field Dues and PAC. However, the Employer may contribute to the full compliment of fringe benefits funds established under this agreement.

## ARTICLE XXII

### Section 1 - Termination of

### Agreement

This agreement shall be binding upon the parties hereto, as well as upon respective successors and assigns, including any contractor intending to independently be bound to the terms and conditions of this Agreement, with the inclusion of any modification, extension or renewal for the period beginning May 1, 2015 and ending at midnight of April 30, 2018, except as hereinafter specifically provided, and thereafter from year to year, unless each party hereto shall notify the other in writing at least ninety (90) days prior to the expiration of the term, or of any extended term, of this Agreement of an intention to change or amend any

37

of the provisions of this Agreement upon expiration of its
term or of any extended term thereof.  Such notice shall be

38

served by certified mail, postmarked not less than ninety (90) days prior to such expiration date. Should either party give notice to the other as aforesaid, then, within thirty (30) days after the mailing of said notice, representatives of the Association and of the LDC Shall meet to discuss, negotiate, and agree upon such changes.  If no agreement as to such changes is arrived at before the expiration of the term of this Agreement, then the whole of this Agreement shall be considered terminated upon the expiration of the term, or of the then current extension of the term of this Agreement, unless extended by mutual agreement in writing of the parties hereto.

## ARTICLE XXIII

## LABOR-MANAGEMENT COMMITTEE

A labor management committee shall be established hereunder consisting of three (3) representatives appointed by the Association and three (3) representatives appointed by the LDC.  The committee shall meet at least four times per year to discuss issues  relevant to this Agreement and the construction trades including, but not  limited to, monitoring pre-job conferences and reductions to labor rates for suburban (county) work and other matters of mutual concern.  The meetings shall be held at such times and places as the parties may mutually agree and , if possible, each party shall provide the other with agenda items reasonably in advance of such  meetings.  Each party shall bear its own costs of  attending and participating in the meetings.  The Committee is authorized to make recommendations to the Association and LDC regarding relevant matters but will not have authority to change, delete

59

e or modify the terms of the Agreement.  Committee discussions shall not be publicized except as agreed upon by the Committee.

40

IN WITNESS WHEREOF, the parties hereto, intending to legally bind themselves, their heirs, successors and assignees, do hereby set their hands and seals the day and year first mentioned.

**GENERAL BUILDING CONTRACTORS ASSOCIATION, INC.**

**By: Benjamin Conners**

**Date: 5/1/18**

**CONCRETE CONTRACTORS ASSOCIATION**

**By: Francis B. Pietrini**

**Date: 5/1/18**

**LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA AND VICINITY**

**By: Ryan N. Boyer**

**Date: 5/1/18**

41

## SCHEDULE "A" CLASSIFICATIONS &
## HOURLY WAGE RATES

**PHILADELPHIA COUNTY**

| CLASSIFICATION: | 5/1/18 |
|---|---|
| Building Site Work | |
| (Project Bid Building Rate) | $30.60 |
| Stripping & Dismantling | |
| Concrete form Work | $30.60 |
| Loading, Unloading, Carrying & | |
| Handling of all Reinforced | |
| Steel & Steel Mesh | $30.60 |
| Handling Lumber and other | |
| Building Materials | $30.60 |
| Operating Jackhammers, Paving | |
| Breakers & all other Pneumatic Tools | $30.60 |
| Building Scaffolds | $30.60 |
| Raking, Shoveling & | |
| Tamping of Asphalt | $30.60 |
| Spading & Concrete Pit Work | $30.60 |
| Grading | $30.60 |
| Form Pinning | $30.60 |
| Shoring | $30.60 |
| Demolition Except Burners | $30.60 |
| Laying Conduits and Ducts | $30.60 |
| Sheathing | $30.60 |
| Lagging | $30.60 |
| Laying Non-Metallic Pipe | |
| & Caulking | $30.60 |
| Mason Tender | $30.97 |
| Power Buggies | $30.70 |
| Burners on Demolition | $30.70 |
| Powdermen | $30.90 |
| Wagon Drill Operator (single) | $30.75 |
| Wagon Drill Operator (multiple) | $30.90 |

*To Be Divided Between Wages and Fringe Benefits*

42

## SCHEDULE "A"
## CLASSIFICATIONS & HOURLY WAGE RATES
### PHILADELPHIA COUNTY

| CLASSIFICATION: | 5/1/18 |
|---|---|
| Circular Caissons Excavation: Where excavations for Circular Caissons are dug eight (8) feet or more below the natural grade level adjacent to the starting point if the caisson hole, the rate shall apply at the ground level | $30.90 |
| Caisson Bottom Man | $31.00 |
| Caisson Foreman | $31.90 |
| Underpinning Excavation: Where an underpinning excavation is dug eight (8) feet or more below the natural grade, or where an excavation for a pier hole of five (5) feet square or less and eight (8) feet or more deep is dug, the rate shall apply only when a depth of eight (8) feet is reached | $30.90 |
| Yard Workers | $30.74 |
| All Other Types Of Laborers | $30.60 |
| Pouring Concrete | $30.60 |
| Operating Vibrator | $30.60 |

*To Be Divided Between Wages and Fringe Benefits*

43

## SCHEDULE "A" CLASSIFICATIONS &
## HOURLY WAGE RATES

### PHILADELPHIA COUNTY

| CLASSIFICATION: | 5/1/ |
|---|---|
| Free Air Tunnels:  Miners | $30. |
| Welders & Burners | $32. |
| Miners Bore Driver | $32. |
| Blasters | $32. |
| Drillers | $32. |
| Pneumatic Shield Operators | $32. |
| Miners Helper | $32. |
| Form Setters | $32. |
| Trackmen | $31. |
| Brakemen | $31. |
| Groutmen | $31. |
| Bottom Shaft Men | $31. |
| All Other Men in | |
| Free Air Tunnels | $31. |

*To Be Divided Between Wages and Fringe Benefits*

44

## SCHEDULE "A" CLASSIFICATIONS &
## HOURLY WAGE RATES

### BUCKS, CHESTER, DELAWARE & MONTGOMERY COUNTIES

| CLASSIFICATION: | 5/1/15 |
|---|---|
| Building Site Work | |
| (Project Bid Building Rate) | $29.45 |
| Stripping & Dismantling | |
| Concrete form Work | $29.45 |
| Loading, Unloading, Carrying & | |
| Handling of all Reinforced | |
| Steel & Steel Mesh | $29.45 |
| Handling Lumber and other | |
| Building Materials | $29.45 |
| Operating Jackhammers, Paving | |
| Breakers & all other Pneumatic Tools | $29.45 |
| Building Scaffolds | $29.45 |
| Raking, Shoveling & | |
| Tamping of Asphalt | $29.45 |
| Spading & Concrete Pit Work | $29.45 |
| Grading | $29.45 |
| Form Pinning | $29.45 |
| Shoring | $29.45 |
| Demolition Except Burners | $29.45 |
| Laying Conduits and Ducts | $29.45 |
| Sheathing | $29.45 |
| Lagging | $29.45 |
| Laying Non-Metallic Pipe | |
| & Caulking | $29.45 |
| Mason Tender | $29.77 |
| Power Buggies | $29.55 |
| Burners on Demolition | $29.55 |
| Powdermen | $29.75 |
| Wagon Drill Operator (single) | $29.60 |
| Wagon Drill Operator (multiple) | $29.75 |

*To Be Divided Between Wages and Fringe Benefits*

45

## SCHEDULE "A" CLASSIFICATIONS &
## HOURLY WAGE RATES

**BUCKS, CHESTER, DELAWARE & MONTGOMERY COUNTIES**

| CLASSIFICATION: | 5/1/18 |
|---|---|
| Circular Caissons Excavation: Where excavations for Circular Caissons are dug eight (8) feet or more below the natural grade level adjacent to the starting point if the caisson hole, the rate shall apply at the ground level | $29.75 |
| Caisson Bottom Man | $29.85 |
| Caisson Foreman | $30.75 |
| Underpinning Excavation: Where an underpinning excavation is dug eight (8) feet or more below the natural grade, or where an excavation for a pier hole of five (5) feet square or less and eight (8) feet or more deep is dug, the rate shall apply only when a depth of eight (8) feet is reached | $29.75 |
| Yard Workers | $29.59 |
| All Other Types Of Laborers | $29.45 |
| Pouring Concrete | $29.45 |
| Operating Vibrator | $29.45 |

*To Be Divided Between Wages and Fringe Benefits*

46

## SCHEDULE "A" CLASSIFICATIONS &
## HOURLY WAGE RATES

**BUCKS, CHESTER, DELAWARE & MONTGOMERY COUNTIES**

| CLASSIFICATION: | 5/1/18 |
|---|---|
| Free Air Tunnels:  Miners | $29.45 |
| Welders & Burners | $31.25 |
| Miners Bore Driver | $31.00 |
| Blasters | $31.00 |
| Drillers | $31.00 |
| Pneumatic Shield Operators | $31.00 |
| Miners Helper | $30.85 |
| Form Setters | $30.85 |
| Trackmen | $30.70 |
| Brakemen | $30.70 |
| Groutmen | $30.70 |
| Bottom Shaft Men | $30.70 |
| All Other Men in | |
| Free Air Tunnels | $30.70 |

*\* To Be Divided Between Wages and Fringe Benefits*

47

SCHEDULE "B"

REGARDING

THE ESTABLISHMENT AND ADMINISTRATION
OF THE WELFARE FUND

AND

THE INDUSTRY ADVANCEMENT
PROGRAM

48

SCHEDULE "C"

TRUST AGREEMENT

BETWEEN

THE GENERAL BUILDING
CONTRACTORS ASSOCIATION, INC.

THE CONTRACTORS ASSOCIATION OF
EASTERN PENNSYLVANIA

AND

LABORERS' DISTRICT COUNCIL OF THE
METROPOLITAN AREA OF
PHILADELPHIA & VICINITY

REGARDING

THE ESTABLISHMENT AND
ADMINISTRATION OF THE LABORERS'
DISTRICT COUNCIL CONSTRUCTION
INDUSTRY PENSION FUND

49

SCHEDULE "D"

TRUST AGREEMENT

BETWEEN

THE GENERAL BUILDING
CONTRACTORS ASSOCIATION, INC.

AND

THE LABORERS' DISTRICT COUNCIL OF
THE METROPOLITAN AREA OF
PHILADELPHIA & VICINITY

REGARDING

THE ESTABLISHMENT AND
ADMINISTRATION OF THE
LABORERS' DISTRICT  COUNCIL
BUILDING AND CONSTRUCTION
HEALTH AND WELFARE FUND

50

SCHEDULE "E"

TRUST AGREEMENT

BETWEEN

THE GENERAL BUILDING
CONTRACTORS ASSOCIATION, INC.

THE CONTRACTORS ASSOCIATION OF
EASTERN PENNSYLVANIA

AND

THE LABORERS' DISTRICT COUNCIL OF
THE METROPOLITAN AREA OF
PHILADELPHIA & VICINITY

REGARDING

THE ESTABLISHMENT AND
ADMINISTRATION OF THE
LABORERS' DISTRICT COUNCIL
PRE- PAID LEGAL SERVICES
PLAN

51

SCHEDULE "F"

TRUST AGREEMENT

BETWEEN

THE GENERAL BUILDING
CONTRACTORS ASSOCIATION, INC.

THE CONTRACTORS ASSOCIATION
OF EASTERN PENNSYLVANIA

AND

THE LABORERS' DISTRICT COUNCIL OF
THE METROPOLITAN AREA OF
PHILADELPHIA & VICINITY

REGARDING

THE ESTABLISHMENT AND
ADMINISTRATION OF THE
LABORERS' DISTRICT COUNCIL
EDUCATION AND TRAINING FUND

52

SCHEDULE "G"

TRUST AGREEMENT

BETWEEN

THE GENERAL BUILDING
CONTRACTORS ASSOCIATION, INC.

THE CONTRACTORS ASSOCIATION
OF EASTERN PENNSYLVANIA

AND

THE LABORERS' DISTRICT  COUNCIL  OF
THE METROPOLITAN AREA OF
PHILADELPHIA & VICINITY
REGARDING

THE ESTABLISHMENT AND
ADMINISTRATION OF THE
LABORER'S AND EMPLOYER'S
LABORERS' DISTRICT  COUNCIL
COOPERATION AND EDUCATION
TRUST AGREEMENT

EMPLOYER'S ACCEPTANCE
OF AGREEMENT
BETWEEN THE
GENERAL BUILDING CONTRACTORS
ASSOCIATION
AND THE
LABORERS' DISTRICT COUNCIL OF
THE METROPOLITAN AREA OF
PHILADELPHIA AND VICINITY

53

We, the undersigned, each for ourselves alone, hereby ratify and approve the Agreement made by the General Building Contractors Association, and agree to be legally bound thereby:

Firm: _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____ Fax: _____

Date: _____

Signature for Company:

_____  _____
(Office, Owner or Partner)                        (Date)

Printed Name: _____
                    (Officer, Owner or Partner)

Signature for Laborers' District Council

_____
     (Name/Title)                              (Date)

54

Sep 28 18, 04:33p     R. BOYER/D. FRITH/LDC                    215-763-0315                    p.2     IX

3315
A1564

# Laborers' District Council



**Laborers' District Council**
of the Metropolitan Area of
Philadelphia and Vicinity

665 N. Broad Street
5th Floor
Philadelphia, PA 19123
Tel: 215-684-2090
Fax: 215-684-0350
Web Site:
www.ldc-phila-vic.org

Business Manager:
Ryan N. Boyer

Secretary-Treasurer:
Samuel Staten, Jr.

President:
James Harper, Jr.

Vice President/
Recording Secretary:
Esteban Vera, Jr.

4.  The parties agree to amend and modify the requirement of a bond consistent with the hours to be worked on said project and except contractors which are current and have a history of being current on the payment of benefits.

5.  The parties agree to increase the interest on delinquent contributions from prime +2 to 12% per annum.

6.  Paragraphs 4 and 5 to be drafted between counsel for GBCA and counsel for the LDC and accepted by the parties hereto.

7.  The parties further agree to include random drug testing to its current alcohol and drug policy conditioned upon all basic trades agreeing to the same terms of random drug testing that the policy shall be deferred 90 days after all the trades agree.

8.  The parties agree that the Mason Tender total monetary increase (wages and fringes) in the GBCA Agreement shall be as follows:
    a.  Effective 05/01/18: $1.60 (Philadelphia County)
    b.  Effective 05/01/19: $1.60 (Philadelphia County)
    c.  Effective 05/01/20: $1.65 (Philadelphia County)
    d.  Effective 05/01/18: $1.25 (Bucks, Chester, Delaware & Montgomery Counties)
    e.  Effective 05/01/19: $1.25 (Bucks, Chester, Delaware & Montgomery Counties)
    f.  Effective 05/01/20: $1.35 (Bucks, Chester, Delaware & Montgomery Counties)

Laura@A1enviro
.com

Laborers' District Council of Metropolitan
Of Philadelphia & Vicinity

A1 Environmental
_____
NAME OF COMPANY


_____
SIGNATURE FOR COMPANY

3437 9th Street
_____
ADDRESS

Stacey Cayetano
_____
PRINTED NAME

Baltimore              MD              21225
_____  _____  _____
CITY                   STATE           ZIP

9-20-18              410-647-1354       443-692-6220
_____  _____  _____
DATE                   PHONE            FAX

GENERAL BUILDING 2018-2021

Laborers' International Union
of North America...AFL-CIO

Building Trades Council
of Philadelphia

# EXHIBIT B

# iRemit Report confirmation

Receipt Number 341822

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 9-30-2018

Your report of $17,946.21 has been submitted and your receipt number is 341822. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 623.00 | $6,747.10 |
| CONSTRUCTION INDUSTRY PENSION | 623.00 | $4,379.69 |
| CONSTRUCTION INDUSTRY ANNUITY | 623.00 | $3,065.17 |
| EDUCATION AND TRAINING | 623.00 | $1,256.02 |
| LEGAL | 623.00 | $255.43 |
| LECET | 623.00 | $174.44 |
| HEALTH AND SAFETY | 623.00 | $137.06 |
| FIELD DUES | 623.00 | $1,464.05 |
| LDC POLITICAL ACTION COMMITTEE | 623.00 | $280.35 |
| IAP | 623.00 | $186.90 |
| | | Total $17,946.21 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 341822

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 9-30-2018

| Employee | Class | Hours |
|---|---|---|
| ANDERSON, SLOAN | COUNTY | 24.00 |
| BUSSIE, TORREY | PHILA-JOURNEY | 8.00 |
| DAVIS, GARRETT J. | PHILA-JOURNEY | 24.00 |
| DITIZIO, JOSEPH M | PHILA-JOURNEY | 32.50 |
| FISHER, CHAZZ L | PHILA-JOURNEY | 16.00 |
| HAMPTON, BOBBY D | COUNTY | 32.50 |
| HOWARD, ROBERT E | PHILA-JOURNEY | 16.00 |
| INGRAM, SHAWN C | PHILA-JOURNEY | 49.00 |
| MARTINEZ, ELMER D | PHILA-JOURNEY | 32.50 |
| MCINTOSH, KEVIN | PHILA-JOURNEY | 16.00 |
| RICHARDSON, ANTONIO | PHILA-JOURNEY | 40.00 |
| ROBERTS, DEAN | PHILA-JOURNEY | 16.00 |
| SMITH, WHITNEY J | PHILA-JOURNEY | 16.00 |
| GANT EL, KUWAYNE T | PHILA-JOURNEY | 16.00 |
| WEAVER, CARL L | PHILA-JOURNEY | 48.00 |
| WILLIAMS, CURTIS L | PHILA-JOURNEY | 32.00 |
| WILLIAMS, CLINTON R | PHILA-JOURNEY | 24.00 |
| WOOD, WILLIAM F | COUNTY | 19.50 |
| WOOTEN, JASON | COUNTY | 48.50 |
| Alhaqq, Musayyeb | PHILA-JOURNEY | 8.00 |
| Delva, Emilio | PHILA-JOURNEY | 8.00 |
| Moore, Joseph | PHILA-JOURNEY | 24.00 |
| robinson, Ronald | PHILA-JOURNEY | 24.00 |
| Rodiger, Edward | PHILA-JOURNEY | 16.00 |
| Verdell, Dernell | PHILA-JOURNEY | 32.50 |

623.00

# iRemit Report confirmation

Receipt Number 341824

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 10-31-2018

Your report of $77,398.63 has been submitted and your receipt number is 341824. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

| | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 2,680.50 | $29,052.27 |
| CONSTRUCTION INDUSTRY PENSION | 2,680.50 | $18,843.91 |
| CONSTRUCTION INDUSTRY ANNUITY | 2,680.50 | $13,221.75 |
| EDUCATION AND TRAINING | 2,680.50 | $5,531.91 |
| LEGAL | 2,680.50 | $1,099.00 |
| LECET | 2,680.50 | $750.54 |
| HEALTH AND SAFETY | 2,680.50 | $589.71 |
| FIELD DUES | 2,680.50 | $6,299.17 |
| LDC POLITICAL ACTION COMMITTEE | 2,680.50 | $1,206.22 |
| IAP | 2,680.50 | $804.15 |

Total $77,398.63

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 341824

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 10-31-2018

| Employee | Class | Hours |
|---|---|---|
| BUSSIE, TORREY | PHILA-JOURNEY | 51.50 |
| DAVIS, GARRETT J. | PHILA-JOURNEY | 159.50 |
| DELVA, EMILIO | PHILA-JOURNEY | 48.00 |
| DITIZIO, JOSEPH M | PHILA-JOURNEY | 152.00 |
| GRIMSHAW, DAVID L | PHILA-JOURNEY | 48.00 |
| HAMPTON, BOBBY D | COUNTY | 160.00 |
| HAMPTON, CARLOS | PHILA-JOURNEY | 120.00 |
| HOWARD, ROBERT E | PHILA-JOURNEY | 152.00 |
| INGRAM, SHAWN C | PHILA-JOURNEY | 162.50 |
| LELLI, WILLIAM J | PHILA-JOURNEY | 141.00 |
| MARTINEZ, ELMER D | PHILA-JOURNEY | 55.50 |
| MINETTI II, GREGORY | PHILA-JOURNEY | 48.00 |
| MYERS, LEEVONNE C | PHILA-JOURNEY | 128.00 |
| O DONNELL, THOMAS F | PHILA-JOURNEY | 16.00 |
| RICH, CHRISTOPHER | PHILA-JOURNEY | 152.00 |
| RICHARDSON, ANTONIO | PHILA-JOURNEY | 56.00 |
| ROBINSON, RONALD | PHILA-JOURNEY | 159.00 |
| GANT EL, KUWAYNE T | PHILA-JOURNEY | 96.00 |
| VERDELL, DERNELL | PHILA-JOURNEY | 150.50 |
| WEAVER, CARL L | PHILA-JOURNEY | 145.50 |
| WILCOX, ELIJAH J | PHILA-JOURNEY | 128.00 |
| WILLIAMS, CURTIS L | PHILA-JOURNEY | 152.00 |
| WILLIAMS, CLINTON R | PHILA-JOURNEY | 48.00 |
| WOOTEN, JASON | COUNTY | 151.50 |
| | | 2,680.50 |

# iRemit Report confirmation

Receipt Number 341825

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 11-30-2018

Your report of $17,835.12 has been submitted and your receipt number is 341825. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 620.00 | $6,711.60 |
| CONSTRUCTION INDUSTRY PENSION | 620.00 | $4,358.60 |
| CONSTRUCTION INDUSTRY ANNUITY | 620.00 | $3,045.90 |
| EDUCATION AND TRAINING | 620.00 | $1,232.82 |
| LEGAL | 620.00 | $254.20 |
| LECET | 620.00 | $173.60 |
| HEALTH AND SAFETY | 620.00 | $136.40 |
| FIELD DUES | 620.00 | $1,457.00 |
| LDC POLITICAL ACTION COMMITTEE | 620.00 | $279.00 |
| IAP | 620.00 | $186.00 |
| | | Total $17,835.12 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 341825

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 11-30-2018

| Employee | Class | Hours |
|---|---|---|
| DITIZIO, JOSEPH M | PHILA-JOURNEY | 74.00 |
| HAMPTON, BOBBY D | COUNTY | 72.00 |
| HAMPTON, CARLOS | PHILA-JOURNEY | 72.00 |
| HOWARD, ROBERT E | PHILA-JOURNEY | 40.00 |
| INGRAM, SHAWN C | PHILA-JOURNEY | 72.00 |
| LELLI, WILLIAM J | PHILA-JOURNEY | 72.00 |
| RICH, CHRISTOPHER | PHILA-JOURNEY | 72.00 |
| WEAVER, CARL L | PHILA-JOURNEY | 64.00 |
| WOOTEN, JASON | COUNTY | 82.00 |
| | | 620.00 |

# iRemit Report confirmation

Receipt Number 341826

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 10-31-2018

Your report of $289.70 has been submitted and your receipt number is 341826. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 10.00 | $108.50 |
| CONSTRUCTION INDUSTRY PENSION | 10.00 | $70.30 |
| CONSTRUCTION INDUSTRY ANNUITY | 10.00 | $49.50 |
| EDUCATION AND TRAINING | 10.00 | $21.30 |
| LEGAL | 10.00 | $4.10 |
| LECET | 10.00 | $2.80 |
| HEALTH AND SAFETY | 10.00 | $2.20 |
| FIELD DUES | 10.00 | $23.50 |
| LDC POLITICAL ACTION COMMITTEE | 10.00 | $4.50 |
| IAP | 10.00 | $3.00 |
| | Total | $289.70 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 341826

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 10-31-2018

| Employee | Class | Hours |
|---|---|---|
| | PHILA-JOURNEY | 10.00 |
| WEAVER, CARL L | | |
| | | 10.00 |

# iRemit Report confirmation

Receipt Number 341827

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 1-28-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 12-31-2018

Your report of $0.00 has been submitted and your receipt number is 341827. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 0.00 | $0.00 |
| CONSTRUCTION INDUSTRY PENSION | 0.00 | $0.00 |
| CONSTRUCTION INDUSTRY ANNUITY | 0.00 | $0.00 |
| EDUCATION AND TRAINING | 0.00 | $0.00 |
| LEGAL | 0.00 | $0.00 |
| LECET | 0.00 | $0.00 |
| HEALTH AND SAFETY | 0.00 | $0.00 |
| FIELD DUES | 0.00 | $0.00 |
| LDC POLITICAL ACTION COMMITTEE | 0.00 | $0.00 |
| IAP | 0.00 | $0.00 |
|  | Total | $0.00 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

# iRemit Report confirmation

Receipt Number 343269

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 2-26-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 1-31-2019

Your report of $0.00 has been submitted and your receipt number is 343269. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 0.00 | $0.00 |
| CONSTRUCTION INDUSTRY PENSION | 0.00 | $0.00 |
| CONSTRUCTION INDUSTRY ANNUITY | 0.00 | $0.00 |
| EDUCATION AND TRAINING | 0.00 | $0.00 |
| LEGAL | 0.00 | $0.00 |
| LECET | 0.00 | $0.00 |
| HEALTH AND SAFETY | 0.00 | $0.00 |
| FIELD DUES | 0.00 | $0.00 |
| LDC POLITICAL ACTION COMMITTEE | 0.00 | $0.00 |
| IAP | 0.00 | $0.00 |

Total $0.00

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

# iRemit Report confirmation

Receipt Number 343659

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 3-6-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 2-28-2019

Your report of $25,384.04 has been submitted and your receipt number is 343659. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 899.50 | $9,677.32 |
| CONSTRUCTION INDUSTRY PENSION | 899.50 | $6,323.48 |
| CONSTRUCTION INDUSTRY ANNUITY | 899.50 | $4,329.15 |
| EDUCATION AND TRAINING | 899.50 | $1,447.11 |
| LEGAL | 899.50 | $368.79 |
| LECET | 899.50 | $251.86 |
| HEALTH AND SAFETY | 899.50 | $197.89 |
| FIELD DUES | 899.50 | $2,113.82 |
| LDC POLITICAL ACTION COMMITTEE | 899.50 | $404.77 |
| IAP | 899.50 | $269.85 |
|  | Total | $25,384.04 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 343659

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 3-6-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 2-28-2019

| Employee | Class | Hours |
|---|---|---|
| ANDERSON, JOHN W. | COUNTY | 74.00 |
| DITIZIO, JOSEPH M | COUNTY | 143.00 |
| HAMPTON, BOBBY D | COUNTY | 132.00 |
| HAMPTON, CARLOS | PHILA-JOURNEY | 77.00 |
| INGRAM, SHAWN C | COUNTY | 126.50 |
| RICHARDSON, ANTONIO | COUNTY | 16.00 |
| ROBINSON, RONALD | COUNTY | 80.00 |
| VERDELL, DARNELL E | COUNTY | 144.00 |
| WEAVER, CARL L | COUNTY | 52.00 |
| WOOTEN, JASON | COUNTY | 55.00 |
| | | 899.50 |

# iRemit Report confirmation

Receipt Number 345630

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Lockbox bank: Wells Fargo
Street 1: Laborers District Council - Benefit Fund
Street 2: Lock Box #7791
Street 3: P.O. Box 8500
City, State, Zip: Philadelphia, PA 19178-7791

Submission Date: 4-23-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 3-31-2019
FINAL REPORT

Your report of $18,581.86 has been submitted and your receipt number is 345630. Thank you for using the Laborers District Council online remittance processing system. Please print this document or record the above receipt number for your records and include this receipt number in any correspondence regarding this transaction.

If you are paying by ACH, you do not need to return this receipt. If you are paying by check, please read the below instructions.

|  | Hours | Remittance |
|---|---|---|
| HEALTH AND WELFARE | 655.50 | $7,062.42 |
| CONSTRUCTION INDUSTRY PENSION | 655.50 | $4,608.16 |
| CONSTRUCTION INDUSTRY ANNUITY | 655.50 | $3,170.10 |
| EDUCATION AND TRAINING | 655.50 | $1,112.64 |
| LEGAL | 655.50 | $268.75 |
| LECET | 655.50 | $183.54 |
| HEALTH AND SAFETY | 655.50 | $144.21 |
| FIELD DUES | 655.50 | $1,540.42 |
| LDC POLITICAL ACTION COMMITTEE | 655.50 | $294.97 |
| IAP | 655.50 | $196.65 |
|  | Total | $18,581.86 |

Instructions for Submitting Payment by Check

1. If you have one or more Collective Bargaining Agreements with the Laborers' and have elected not to pay your fringe benefit obligation via ACH, you are required to make your benefit obligation payment to either Wells Fargo and/or PNC bank by check.

2. Please read your report confirmation(s) carefully.

3. Please make your check payable to the lockbox bank indicated on the report confirmation and mail to the applicable lockbox. You must include your report confirmation(s) with your payment.

4. If you have multiple report confirmations representing multiple reports payable to the SAME lockbox bank, you may submit one check to cover multiple reports.

5. Failure to submit your report confirmation(s) and payment to the correct lockbox may result in a delay in processing your payment.

6. If you have no work or a final report you do not have to submit the report confirmation to the lockbox.

**Please keep this page for your records.**

Receipt Number 345630

A1 ENVIRONMENTAL(3315)
3437 9TH STREET
BALTIMORE,MD 21225

Submission Date: 4-23-2019
Contract Type: GENERAL BUILDING 2012 - 00339 - $28.97/ $14.43
Period ending: 3-31-2019
FINAL REPORT

| Employee | Class | Hours |
|---|---|---|
| BROWN, ANTOINNE J | PHILA-JOURNEY | 96.00 |
| DITIZIO, JOSEPH M | COUNTY | 141.00 |
| HAMPTON, BOBBY D | COUNTY | 20.00 |
| INGRAM, SHAWN C | COUNTY | 51.00 |
| RICHARDSON, ANTONIO | COUNTY | 146.50 |
| SHIHADEH, EASA | PHILA-JOURNEY | 62.00 |
| VERDELL, DARNELL E | COUNTY | 139.00 |
| | | 655.50 |



**Lockbox**

**Transaction 1 Summary**

**General**

| | |
|---|---|
| Lockbox Number: 7791 | Transaction Type: Regular |
| Lockbox Name: Laborers Dist co | Transaction Total: $16,201.81 |
| Lockbox Site: PHL | Deposit Account Number: 2000030797352 |
| Batch Number: 2855 | Sequence Number: 13 |

**Check(s)**

| | |
|---|---|
| Deposit Date: 02/11/2019 | Check Amount: $16,201.81 |
| Check Number: 1518 | Check Account Number: 5362127757 |
| Check RTN: 054000030 | Payor Name: Unknown |
| CHECK DATE: 20190205 | |

**Invoice(s)**

INVOICE NUMBER: 55

**Check 1**

PNC Bank, N.A.   040

1518

15-3/540
373
♦CHECK HINT♦

**A1 ENVIRONMENTAL AND SAFETY TRAINING, LLC**    03-17
3432 9TH ST BLDG A
BALTIMORE, MD 21226-1907

02/05/2019

PAY TO THE
ORDER OF    Laborers' International Union of North America         $   **16,201.81

Sixteen thousand two hundred one and 81/100************************************************ DOLLARS

Laborers' International Union of North America
Local 135
740 Sandy Street
Norristown, PA  19401

MEMO                                                    *Laura S Insley*
                                                    AUTHORIZED SIGNATURE

⑈0015 18⑈ ⑈054000030⑈ 5362127757⑈

**Invoice 1**

A1 ENVIRONMENTAL AND SAFETY TRAINING LLC                                    1518

02/05/2019         Laborers' International Union of North America

| Date | Type | Reference | Original Amount | Balance Due | Payment |
|---|---|---|---|---|---|
| 01/23/2019 | Bill | 09302018 | 16,201.81 | 16,201.81 | 16,201.81 |
| | | | Check Amount | | 16,201.81 |

1025 Checking · PNC                                                         16,201.81

**Transaction 9 Summary**
**General**

Lockbox Number: 7791
Lockbox Name: Laborers Dist co
Lockbox Site: PHL
Batch Number: 2938

Transaction Type: Regular
Transaction Total: $50,000.00
Deposit Account Number: 2000030797352
Sequence Number: 7

**Check(s)**

Deposit Date: 06/05/2019
Check Number: 1532310
Check RTN: 043301601
CHECK DATE: 20190503

Check Amount: $50,000.00
Check Account Number: 9025167
Payor Name: Unknown

**Invoice(s)**

INVOICE NUMBER: 55

**Check 1**



Transaction 2 Summary

**General**

Lockbox Number: 7781
Lockbox Name: Laborers Dist co
Lockbox Site: PHL
Batch Number: 2843

Transaction Type: Regular
Transaction Total: $50,000.00
Deposit Account Number: 2000030797352
Sequence Number: 8

**Check(s)**

Deposit Date: 06/12/2019
Check Number: 8972506978
Check RTN: 092900383
CHECK DATE: 20190610

Check Amount: $50,000.00
Check Account Number: 150080235255
Payor Name: Unknown

**Invoice(s)**

INVOICE NUMBER: 343499

Check 1



Invoice 1

Replacement Check for Check # 1532310



# CLEARY, JOSEM & TRIGIANI

CLEARY, JOSEM & TRIGIANI LLP
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
215.735.9099
Fax: 215.640.3201
www.cjtlaw.org
E-Mail: labor@cjtlaw.org

*Joel P. Trigiani, Esquire*
*jtrigiani@cjtlaw.org*

August 7, 2019

Stacey Cayetano
A1 Environmental
3437 9th Street
Baltimore, MD 21225

Re:   Laborers' District Council Delinquency Committee Interest Notice

Dear Ms. Cayetano:

Please remit the balance due to the Funds pursuant to the agreement with your attorney dated March 7, 2019.

Also, please note that I have been forwarded a copy of the most recent interest delinquency calculation by the Delinquency Committee. For your convenience, I am enclosing a copy of that notice with this letter.

Presently your company owes **$3,835.22** in interest to the Fund. As a reminder, effective January 1, 2019, interest will be calculated at the rate of twelve (**12%**) percent per annum for all remittances paid after the 25th day of the month following the month for which the work was performed. In order that this interest does not continue to accumulate, I would appreciate your tendering a check to cover all the referenced outstanding interest to the Laborers' District Council Benefit Funds.

Thank you for your cooperation and assistance in this matter. If you should have any questions or concerns about any of the information contained herein, please feel free to contact my office.

Very truly yours,

JOEL P. TRIGIANI

*[handwritten]* Please note that the plb v complete and the remainder of the benefits are due.

JPT/dmm
Enclosure
cc: Kevin Gale